**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FIRE INSURANCE EXCHANGE, as a
subrogee of Donald and Julie Crawford,

        Plaintiffs,

v.                                                                       CASE NO. 05-70965
                                                              HONORABLE DENISE PAGE HOOD

ELECTROLUX HOME PRODCUTS and
and BEST BUY STORES, L.P.,

        Defendants.

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO LIMIT TESTIMONY OF CHARLES FRICKE, P.E. AS AN EXPERT**

**I.  INTRODUCTION**

This matter is before the Court on Defendant, Electrolux's Motion in Limine to Limit Testimony of Charles Fricke, P.E. as an Expert, filed on January 29, 2007. Plaintiff filed a Response in Opposition to Defendant Electrolux's Motion in Limine to Limit Testimony of Charles Fricke, P.E., as an Expert, on February 6, 2007. Trial is scheduled to commence on March 15, 2007.

**II.  STATEMENT OF FACTS**

Plaintiff's Complaint, removed to this Court by Defendant Electrolux on March 11, 2005 pursuant to 28 U.S.C. § 1441(b), alleges five counts against Defendant Electrolux, Count I; Negligence, Count II; Strict Products Liability[1], Count III; Breach of Express Warranty, Count

---

[1] The Court dismissed Plaintiff's Strict Liability Claim in its October 11, 2006 Opinion and Order.

IV; Breach of Implied Warranty, and Count V; Failure to Warn.

Plaintiff, Fire Insurance Exchange, brought the present action on behalf of its subrogors, Donald and Julie Crawford, who purchased a White-Westinghouse WD546 dryer manufactured by Defendant Electrolux .The dryer later malfunctioned and caused a fire to occur within the dryer, which spread throughout Plaintiff's subrogors' residence.

### III.   APPLICABLE LAW & ANALYSIS

When examining evidentiary issues, the Court must first determine if the evidence in question is relevant.  Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  Rule 402 states that "all relevant evidence is admissible, except as otherwise provided..." and "[e]vidence which is not relevant is not admissible."  Fed.R.Evid. 402.  The Rules further provide that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed.R.Evid. 403.

The admissibility of expert witness testimony is governed by Federal Rules of Evidence Rule 702.  Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.  In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the United States Supreme Court set forth factors to be considered in determining whether to admit expert testimony.  The four factors are: (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error in using a particular and scientific technique and the existence and maintenance of standards controlling the technique's operation; and (4) whether the theory or technique has been generally accepted in the particular scientific field.  *Id*. at 593-594.  The factors are neither definitive, nor exhaustive, and may or may not be pertinent to the assessment in any particular case.  *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  The factors will often be appropriate in determining reliability.  *Id*. at 152.  The trial court has broad latitude to determine whether these factors are reasonable measures of reliability in a particular case.  *Id*. at 153.

The trial court must determine whether the expert meets the requirements under Federal Rules of Evidence Rule 702: (1) that the witness establish his expertise by reference to knowledge, skill, experience, training or education; (2) the proffered testimony is reliable in that it is based on scientific, technical or other specialized knowledge (*Daubert*); and (3) the expert's testimony assists the trier of facts in understanding and disposing the issues relevant to the case.

Defendant requests that this Court issue an Order limiting the testimony of Plaintiff's expert, Charles Fricke, because Mr. Fricke is not a mechanical engineer, does not have expertise in the design and manufacture of dryers and dryer bearings, is unfamiliar with industry codes and standards for dryers, and failed to review Defendant Electrolux's operating instructions and brochures on the subject dryer.  Defendant specifically requests that this Court issue an Order

finding that Mr. Fricke is not qualified to testify regarding:

       1)       the design and manufacture of dryers;
       2)       the design or manufacture of dryer bearings;
       3)       any causal connection relating to the failure to warn claim; and
       4)       Mr. Pauk's[2] opinions related to these same topics at this trial.

In the alternative, Defendant requests an evidentiary hearing on these issues.

Plaintiff counters that Mr. Fricke's testimony should not be limited because a) Defendant continues to mischaracterize Plaintiff's theory of the case; which is that Defendant Electrolux's failure to incorporate a fail safe mechanism into the subject dryer caused the fire in the Crawfords' home, and b) Mr. Fricke has extensive experience examining dryer fires and failure modes and c) Defendant is attempting to take another bite of the apple.[3]

The Court agrees with Plaintiff. This Court noted in its October 11, 2006 Opinion and Order that Mr. Fricke's testimony was not "limited to his ability to testify that electricity is capable of causing fire under certain circumstances," a contention raised by Defendant in the present motion, as well as Defendant's Motion for Summary Judgment. The Court specifically noted that,

> Mr. Fricke testified that the "dryer drum bearing failed, causing the drum to shift and come in contact with the heating element behind it, grounding the drum, energizing the heating element, and causing the heating element to overheat and

---

[2] Mr. Pauk is Defendant's expert.

[3] In Defendant's Motion for Summary Judgment, Defendant argued that Plaintiff had not presented sufficient evidence on Plaintiff's negligent design claim because Plaintiff's expert was unqualified and inexperienced. As such, Defendant argued, Plaintiff could not rely on Mr. Fricke's testimony. This Court denied Defendant's Motion for Summary Judgment on this claim, holding that "[t]here is sufficient evidence for the jury to infer that the defect in the dryer caused the fire, resulting in damage to the Crawfords' personal and real property." (October 11, 2006 Op. and Order, p.7)

> ignite." (Pl.'s Resp. in Opp'n to Def. Electrolux's Mot. for Summ. J., Ex. C, Fricke Aff.).   Additionally, Plaintiff argues, Mr. Fricke is of the opinion,
>
>> that if the heating element had been relocated to the lower left hand corner in the subject dryer . . . the February 10, 2004 fire at issue would not have occurred because the dryer drum would not have come into contact with the heating element when the bearing failed.

(October 11, 2006 Op. and Order, p. 6)  Defendant ignores Mr. Fricke's expertise to which he testified during his deposition:

> I hold myself out as an expert on the methods of failures of dryers as they relate to electrical components, and, more specifically, as they cause fire, and I have observed many different types of designs of dryers and failure modes.  So, from that standpoint, not a broad dryer design expertise, but I have the expertise to identify failure modes and mechanics by which failure modes could be avoided.

(Dep. Tr. Charles Fricke, P.E., p. 109, lns. 6-13)  Likewise, the Court has already addressed the fact that compliance with industry and government standards is admissible, relevant evidence, but not conclusive evidence as to whether or not Defendant was negligent:

>> By Defendant's own statement, this evidence is merely admissible to establish that the product is in compliance with industry and government standards. *SEE* MICH. COMP. LAWS § 600.2946(1).  As such, Defendant's compliance with industry and government standards does not prove that Defendant was not negligent, as "compliance with industry or governmental standards is merely relevant, not conclusive, evidence of reasonable prudent conduct which the factfinder may consider in its determination of negligence."  *Hartford Fire Ins. Co. v. Walter Kidde & Co.*, 120 Mich. App. 283, 292, 328 N.W. 2d 29 (*citing Marietta v. Cliffs Ridge, Inc.*, 385 Mich. 364, 369-70; 189 N.W.2d 208 (1971)).

(October 11, 2006 Op. and Order, p. 8) The Court finds that Mr. Fricke's experience with dryers and failure modes, as well as his training and experience as an electrical engineer, qualify him to testify as an expert as to whether or not an alternative design incorporating a fail safe

5

mechanism, which was absent from Defendant's design of the subject dryer, and which Mr. Fricke testified he had seen in other manufacturers' dryers,[4] would have prevented the fire in the Crawfords' residence.

## IV.     CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Electrolux's Motion in Limine to Limit the Testimony of Charles Fricke, PE, as an Expert **[Docket No. 32, filed on February 6, 2007 ]** is DENIED.


Dated: March 13, 2007                                  /s/ Denise Page Hood
                                                     DENISE PAGE HOOD
                                                     United States District Court Judge

---

[4] Mr. Fricke testified that he observed this alternative design in Maytag and Kenmore dryers.